UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FRANKLIN J. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:07-CV-342-TS |
| ) | |
| DAVID DONAHUE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Franklin J. Cox, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

**A. Standard of Review**

Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, — U.S.—; 127 S.Ct. 1955, 1964–65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

**B.    Complaint Allegations**

Cox alleges that on July 1, 2005,

> I was involved in a argument with another inmate prior to dinner in Cell Block C. This argument was witnessed by both Sgt. Washington and Ofc. Lewis both of whom was working Cell Block C. Neither staff member did anything to avoid the potential assault that happened.
> Once Cell Block C was called to the chow hall for dinner (4:30 pm) I was attacked by same inmate of prior argument who stabbed and cut me with a sharp weapon.

2

Complaint at 3-4.

**C.      Eighth Amendment**

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

3

Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts. *See McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of [danger] . . . is inevitable no matter what guards do").

Cox does not allege, and based on this Complaint it would not be reasonable to infer, that he was threatened with violence in the presence of the Defendants, that he asked for protection, or that he even anticipated being attacked. All that he alleges is that he had an argument with another inmate. Although it is true that an argument can precede an attack, many arguments never result in attacks. So too, some attacks occur without any prior arguments. Thus, an argument creates only an inference that violence could occur, but prisons are dangerous places and violence could occur at any time. Standing alone, an argument does not create a reasonable inference of a strong likelihood of violence. Guards are not expected to segregate every inmate who argues with another because even a very loud and heated argument raises no more than the possibility of violence.

Deliberate indifference requires much more than the mere possibility of violence. Here, where it does not appear that even Cox anticipated an attack, the Defendants cannot be liable because they did not either. It is not enough that they merely witnessed an argument earlier in the day. Perhaps they were unreasonable or negligent to have not understood the risk, but deliberate indifference requires that they have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to

4

prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). The facts in this Complaint do not support an allegation that they could have had such knowledge. " Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, — U.S. —; 127 S.Ct. 1955, 1965 (2007) (citations and footnote omitted). Here the facts alleged do not state a claim for which relief can be granted.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on July 26, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION